IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

FILED
AUG 09 2016
CLERK OF CIRCUIT COURT #3
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| Sandridge Manors, LLC, an Illinois limited liability company, and Osborn Homes, Inc., an Illinois corporation, | ) ) ) ) |
| Plaintiffs, | ) 16-CH-479 ) |
| v. | ) ) |
| City of Collinsville, a municipal corporation, | ) ) |
| Defendant. | ) |

## COMPLAINT FOR INJUNCTION AND INCIDENTAL RELIEF

Plaintiffs, Sandridge Manors, LLC ("Sandridge") and Osborn Homes, Inc. ("Osborn Homes"), complain of defendant, City of Collinsville, as follows:

1. Osborn Homes is a corporation organized under Illinois law with its principal place of business in Madison County, Illinois.

2. Sandridge is a limited liability company organized under Illinois law and having its principal place of business in Madison County, Illinois.

3. Defendant is a municipal corporation located in Madison County, Illinois.

4. At all times alleged herein, Sandridge owned and continues to own certain real estate situated in Madison County, Illinois, and commonly known as 260-262 Sandridge Drive and 256-258 Sandridge Drive, Collinsville, Illinois (the "Property").

5. In or about December 2015, Sandridge engaged Osborn Homes to build two duplexes on the Property.

6. On or about December 22, 2015, defendant issued building permits to Osborn Homes to construct the duplexes on the Property (the "Permits"). Copies of the Permits are attached hereto as Exhibits A and B and incorporated herein by reference.

7. On or about January 20, 2016, Osborn Homes commenced construction of the duplexes on the Property pursuant to the Permits.

8. On or about June 2, 2016, while construction of the duplexes was ongoing, defendant posted a "stop work order" on each duplex, a copy of which is attached hereto as Exhibit C and incorporated herein by reference (the "Stop Work Orders").

9. The Stop Work Orders purport to order Osborn Homes to cease and desist any and all construction related activities at the Property.

10. Defendant issued and posted the Stop Work Orders on the Property without giving Osborn Homes or Sandridge prior notice to and without giving Osborn Homes or Sandridge an opportunity to contest issuance of the Stop Work Orders.

11. Neither Sandridge nor Osborn Homes has violated any requirement of the Permits or any municipal ordinance, law, housing or building code or zoning ordinance that establishes construction, plumbing, heating, electrical, fire prevention, sanitation or other health and safety standards that are applicable to structures located within the corporate limits of defendant (a "Code Violation").

12. No Code Violation existed at the Property when the Stop Work Orders were issued or at any time thereafter.

13. The Stop Work Orders should never have been issued for one or more of the following reasons:

(a) Defendant gave no prior notice to Osborn Homes or Sandridge of a Code Violation.

(b) Neither Sandridge nor Osborn Homes was given an opportunity to contest issuance of the Stop Work Orders.

(c) No Code Violation existed on the Property when the Stop Works Orders were issued.

(d) Neither Sandridge nor Osborn Homes committed any Code Violation at the Property prior to issuance of the Stop Work Orders.

14. Osborn Homes has ceased construction at the Property in compliance with the Stop Work Orders.

15. Osborn Homes has made a written demand on defendant to lift the Stop Work Orders, so to allow Osborn Homes to resume construction on the Property.

16. Despite the foregoing demand, defendant refuses to lift or dissolve the Stop Work Orders.

17. Plaintiffs have sustained and will continue to sustain irreparable harm for which there is no adequate remedy at law, for one or more of the following reasons, unless defendant is enjoined from enforcing the Stop Work Orders:

(a) Sandridge has been and will continue to be deprived of the beneficial use and enjoyment of the Property indefinitely or permanently.

(b) Plaintiffs are sustaining and will continue to sustain ongoing economic loss which is impractical to measure with certainty.

(c) The construction work in place at the Property cannot be adequately protected against loss or damage from the elements, vandalism or physical deterioration.

(d) Defendant refuses to afford an administrative remedy to contest the validity of the Stop Work Orders.

(e) The Stop Work Orders deprive Sandridge of its right to due process and compensation for taking of the Property under Article I, Sections 2 and 15 of the Illinois Constitution.

18. There is an actual controversy between the parties as to whether (a) defendant had authority to issue the Stop Work Orders, (b) the Stop Work Orders were issued lawfully, and (c) the Stop Work Orders should be dissolved.

WHEREFORE, plaintiffs pray as follows:

(a) For a judgment declaring that the Stop Work Orders should never have been issued and should be rescinded or dissolved.

(b) For a preliminary and permanent injunction restraining and enjoining defendant from enforcing the Stop Work Orders

(c) For such other or further relief as the Court deems just.

GOLDENBERG HELLER &
ANTOGNOLI, P.C.

By: _____
David I. Antognoli #03125950
2227 S. State Route 157
Edwardsville, IL 62025
Telephone: (618) 656-5150
Facsimile: (618) 656-6230
Email: david@ghalaw.com
Attorneys for plaintiffs
Service by facsimile transmission
or via email will be accepted at the
stated facsimile and/or email
stated above

# CITY OF COLLINSVILLE
# BUILDING PERMIT

**Type of Work**  New Single Family
**Date Issued**  12/22/2015
**Type of Building**  Residential
**Address**  260-262 Sandridge Drive
**Owner Name**  Osborn Homes Inc.
**Contractor**  Osborn Homes

Lot #5  12/10/15

— WATER —
2 EA. 1" TAPS @ 2610.00 = $5220.00

— SEWER —
2 EA. TAPS @ 2625.00 = $5250.00

— Bldg. Permit —
$ 2,015.66
$ 12,485.66

**AT BUILDING SITE**
ding Department
hl, Building Inspector
5.5200 ext. 1130

NS REQUIRED
quired for inspections

Underfloor Plumbing ___
Septic System ___
Electrical Hookup ___
Lath ___
Drywall ___

EXHIBIT A

# Permit Number <u>15-599R</u>
# CITY OF COLLINSVILLE
# BUILDING PERMIT

**Type of Work** <u>New Single Family</u>
**Date Issued** <u>12/22/2015</u>
**Type of Building** <u>Residential</u>
**Address** <u>256-258 Sandridge Drive</u>
**Owner Name** <u>Osborn Homes Inc.</u>

Lot #6 Sold to [illegible] 12/10/15    rn Homes

— WATER —
2 EA. 1" Taps @ 2610.00 = $5220.00

— SEWER —
2 EN TAPS @ 2625.00 = $5250.00

— Bldg Permit —
$2,015.66
$12,485.66

AT BUILDING SITE
ding Department
hl, Building Inspector
6.5200 ext. 1130

NS REQUIRED
equired for inspections

Underfloor Plumbing ____
Septic System ____
Electrical Hookup ____
Lath ____
Drywall ____

Page 6 of 7
Case No. ____

EXHIBIT
B

# STOP WORK ORDER

Address:  Date: June 2, 2016

## Sandridge Villas

Company:

## Osborn Homes, Inc.

**You are hereby ordered to immediately cease and desist any and all construction related activities at the above referenced site per notification of June 2, 2016.**

Daniel J. Davis
Chief Building Official

*ATTENTION: Section 107.4 of the International Property Maintenance Code prohibits the removal of this notice.*
*"107.4 Unauthorized Tampering. Signs, tags, or seals posted or affixed by the code official shall not be mutilated, destroyed or tampered with, or removed without authorization from the code official."*
*Failure to adhere to this section shall result in citation, fines & penalties not exceeding $750 per day.*

EXHIBIT
C

Page 1 of 1
Case No. _____ CITY OF COLLINSVILLE / COMMUNITY DEVELOPMENT DEPARTMENT
125 S. CENTER STREET, COLLINSVILLE, IL 62234
618.346.5200 EXT. 1159